## Thomas v. Thomas

*Edward I. Steckel,* for plaintiff.
*J. Dennis Guyer,* for defendant.

KELLER, *J.,* July 29, 1981—Plaintiff initiated this action in divorce by filing a complaint on December 1, 1977. The complaint was reinstated on January 4, 1978, and served upon defendant on January 5, 1978. Defendant filed a praecipe for a bill of particulars and a petition for allowance of alimony pendente lite, counsel fees and expenses on January 24, 1978. The bill of particulars was filed on October 20, 1978.

On December 20, 1979, plaintiff deposited $225 for costs in the office of the prothonotary, and moved for the appointment of an examiner and on the same date William R. Davis, Jr., Esq. was appointed examiner by order of court. Mr. Davis qual-

ified for the appointment on December 27, 1979. On January 21, 1980, the examiner sat for the performance of his duties, and heard the testimony of the parties. The transcript was certified and filed on February 20, 1980. By stipulation of the parties and their counsel dated June 25, 1980, plaintiff agreed to pay to defendant $1,200 in full satisfaction of her counsel fees and costs to date, and commencing June 13, 1980 plaintiff would pay to defendant the sum of $400 bi-weekly "until the entry of a final decree of divorce" in full satisfaction of the alimony pendente lite claim, and the order staying the proceedings would be lifted. On June 26, 1980, an order was signed lifting the stay of proceedings. On June 26, 1980, plaintiff deposited $225 with the prothonotary for costs and moved for the appointment of a master, and Douglas W. Herman, Esq. was appointed master. Mr. Herman qualified as master on July 8, 1980, and on July 16, 1980, gave notice to counsel for the parties that the master's hearing would be held on August 7, 1980 at 9:30 a.m. in the offices of counsel for plaintiff.

On July 28, 1980, defendant petitioned the court for a rule to show cause why an order should not be made applying the appropriate provisions of the Pennsylvania Divorce Code which became effective July 1, 1980, and the Rules of Civil Procedure for divorce actions which became effective on July 1, 1980, to the instant divorce action with respect to issues of alimony and equitable distribution of marital property. An order was signed on the same date granting the rule and staying all proceedings pending determination of the rule. The rule was issued on July 28, 1980, and served upon plaintiff's counsel on July 29, 1980, by mailing a true copy of the same, together with a true copy of defendants petition requesting said rule. Plaintiff's answer to de-

fendant's petition was filed on August 11, 1980. On June 11, 1981, plaintiff's counsel withdrew with the consent of plaintiff and present counsel entered an appearance for plaintiff. Arguments were heard on July 2, 1981, and the matter is ripe for disposition.

The sole issue presented is whether the Divorce Code of April 2, 1980, 23 P.S. § 101 et seq., and the applicable Rules of Civil Procedure, Pa.R.C.P. 1920.1 et seq., both of which became effective on July 1, 1980, are applicable in the case at bar upon application of the defendant.

Section 102(a) of the Divorce Code, 23 P.S. § 102(a), sets forth the policy considerations of the code. Section 102(a)(6) provides:

"The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to: Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights."

Section 103 of the code deals with the propriety of proceeding under the new code when the divorce action was initiated prior to July 1, 1980 in the following language:

"The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or *upon application granted,* under the provisions of this act. The provisions of this act shall not apply

to any case in which a decree has been rendered prior to the effective date of the act. . . ." (Emphasis supplied.)

The interpretation of the words "upon application granted" have led the various court of common pleas of this Commonwealth to vastly different conclusions.

The Court of Common Pleas of Philadelphia County has concluded that such applications will be granted pro forma in order to effectuate the public policy of section 102 of the Code, 23 P.S. §102; Tanker v. Tanker, no. 2210, December term 1979, Philadelphia County (1980). The Court of Common Pleas of Delaware County has concluded that the Divorce Code and the Rules of Civil Procedure promulgated by the Supreme Court to put the code into effect do not establish criteria for granting or disallowing an application to proceed under the new law and, therefore, the granting or denial of the application is entirely in the trial court's discretion: Wilson v. Wilson, 67 Del. Rep. 724 (1980); Nichols v. Nichols, 68 Del. Rep. 138 (1980); and Homsher v. Homsher and Blumberg v. Blumberg, 68 Del. Rep. 158 (1980). The Delaware County Court focused on how far the proceedings had progressed at the time the new code became effective, and only in Nichols v. Nichols supra, granted the application to proceed under the new code because in that case only the complaint, answer and counterclaim had been filed as of the date the petition was granted. Parenthetically, we note in Wilson v. Wilson, supra, the divorce decree was entered on June 30, 1980. Therefore, under section 103 of the code, supra, the parties did not have the option of proceeding under the new law and the motion necessarily was denied.

In Conrad v. Conrad, 129 Pitt. L.J. 46 (1980), the Court of Common Pleas of Allegheny County granted the petition for leave to assert an amended counterclaim for alimony and equitable distribution despite the fact that hearings had been held on the merits under the old law. The court relied on the policy declarations of the Divorce Code as set forth in section 102, supra, dealing with the equities of the situation and particularly, effectuating economic justice.

The Court of Common Pleas of Lebanon County, Pennsylvania addressed the issue in Bordner v. Bordner, no. 412 of 1980. Honorable G. Thomas Gates granted the petition to proceed under the new code referring to section 103, supra, and Pa.R.C.P. 1920.92 and observing:

"Initially, we note that the expression 'upon application granted' is not qualified by the usual language used in the Rules of Civil Procedure, 'upon cause shown.' It would appear then that, if a pending divorce has not proceeded to a final decree, either party to a pending divorce proceeding has the right to an order to proceed under the provisions of the new Divorce Code and the rules of procedure adopted to implement the Code."

The issue was presented to the Court of Common Pleas of Bucks County in Miller v. Miller, no. 79-1201-03-3, and the Honorable Paul R. Beckert denied the application to proceed under the new code on the theory that it was the intention of the legislature to vest in the trial courts the discretion to consider the particular circumstances of any given case, "including specifically the prejudice or hardship which would result to any party . . ." Dissenting from Judge Gates' rationale in the Bordner case, Judge Beckert observed, "To us, the only sen-

sible reading of the words, 'upon application granted' is one which affords wide discretion to the common pleas courts. Had the legislature not intended such discretion, the word 'granted' could easily have been deleted, so as to indicate the clear intention that every such petition be automatically honored as of course." He concluded holding:

"The essence of our disallowance of the transfer application by Mrs. Miller was our strong belief that she should not be allowed to partake of the benefits avalable under the new law in a situation where if she had acted in good faith toward her spouse and had not persisted in delaying resolution of their marital difficulties, all proceedings would have been, and should have been, brought to conclusion by the time the new law became effective. Our legal system should not be allowed to be misused in such a way as to foster an undeserved benefit upon a dilatory litigant."

Several cases raising this issue are on appeal at this time, but little guidance has to this date been received from those higher courts. In Shuda v. Shuda, 283 Pa. Superior Ct. 253, 423 A. 2d 1242 (1980), a degree granting a divorce was entered on August 13, 1979, but on the effective date of the new Divorce Code the decree was on appeal. The Superior Court held that the decree was effective from the date it was entered since it was affirmed on appeal. Therefore, the marriage ended before the effective date of the code and the petition to proceed under the new code was denied. (Obviously these facts are inapplicable to the case at bar.) In Gross v. Gross, 281 Pa. Superior Ct. 45, 421 A. 2d 1139 (1980), a footnote (which is of dubious precedential authority) indicates that the old divorce law would apply since the parties had not sought to

have the new law applied, but by inference suggests that it would be entirely proper to proceed under the new code if either or both parties made an appropriate application.

Pa.R.C.P. 1920.92 provides: "These rules shall become effective July 1, 1980. They shall not affect any suit or action pending on that date, but the case may be proceeded with and concluded under the rules in existence when such suit or action is instituted notwithstanding their rescission by this order, unless, *upon application granted,* the court orders that the action proceed under the Divorce Code and these rules. (Emphasis supplied.)

In the interpretation and construction of statutes, words and phrases shall be construed "according to their common and approved usage," a statute "shall be construed, if possible, to give effect to all its provisions" and that "the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S.A. §§1903(a), 1921(a), 1922(2). We can visualize no reason for applying different standards of interpretation to the Rules of Civil Procedure promulgated by the Supreme Court of Pennsylvania. Since both the legislature and our highest court have chosen to use the words "upon application granted" in section 103 of the Divorce Code and Pa.R.C.P. 1920.92, we are compelled to the conclusion that where the legal propriety of transferring an action in divorce commenced under the prior divorce code to the new code is properly put in issue there is vested in the judiciary a duty to exercise discretion and on an ad hoc basis. In the exercise of that discretion the court must balance the competing interests and equities of the parties and the policy of the Commonwealth as enunciated in section 102(a) must weigh heavily in favor of the transfer.

In the case at bar the record discloses:

1. The filing of the complaint on December 1, 1977;

2. Reinstatement of the complaint on January 4, 1978 and service on January 5, 1978;

3. The filing of defendant's petition for alimony pendente lite, counsel fees and expenses on January 24, 1978 (20 days after service);

4. The filing of plaintiff's motion for appointment of an examiner to hear the evidence on defendant's petition of January 24, 1978 on December 20, 1979 (approximately 23 months after filing of defendant's petition);

5. The testimony of the parties was received by the examiner on January 21, 1980 (1 month after appointment);

6. The transcript of the parties' testimony was certified and filed on February 20, 1980 (1 month after hearing);

7. The parties and their counsel settled the alimony pendente lite, counsel fees and expense issues by stipulation dated June 25, 1980 (5 months after hearing and 4 months after certification and filing of the transcript);

8. A master was appointed on motion of the plaintiff on June 26, 1980, and the master qualified for his appointment on July 16, 1980;

9. All proceedings were stayed by order dated July 28, 1980 on defendant's petition to bring the action under the Divorce Code of 1980;

10. No hearings on the merits of plaintiff's complaint have been held;

11. Arguments on defendant's petition were heard July 2, 1981 (3 years 7 months from the date of filing of complaint).

While plaintiff has alleged in his answer to de-

fendant's petition of July 28, 1980, that the divorce proceeding has been delayed and protracted by the delaying tactics of defendant (Par. 8.A), the record demonstrates that plaintiff did nothing to dispose of defendant's petition for alimony pendente lite, counsel fees and expenses for 23 months and after hearing before the examiner did nothing for another 5 months to either settle those issues or present them to the court for disposition. Presumably plaintiff desired a divorce since he filed the complaint; he is the moving party; he permitted this action to repose in a legal limbo for extended periods rather than pursuing the relief initially demanded on December 1, 1977.

The foregoing circumstances coupled with the enunciated policy of the Commonwealth requires us to conclude that defendant is entitled to the protection of the new and valuable rights provided by the Divorce Code of 1980.

## ORDER

Now, July 29, 1981, the rule is made absolute. Exceptions are granted plaintiff.